UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| AMANDA PERDUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10 CV 35 |
| | ) | |
| JENNIFER CARLOS, *et al.*, | ) | |
| Defendants. | ) | |

## **OPINION and ORDER**

This case was initiated on January 22, 2010, when plaintiff Amanda Perdue, an attorney who represents herself herein, filed her complaint alleging civil-rights violations. She also requested that she be allowed to proceed *in forma pauperis*. Because her complaint is substantially identical to a complaint she filed earlier as 2:08 CV 227, which was dismissed on May 27, 2009, the court ordered her to file a memorandum, by March 5, 2010, explaining why the present suit is not barred by res judicata and/or collateral estoppel.

Three days after that deadline, on March 8, 2010, the court received two e-mail messages from Ms. Perdue requesting additional time to file her memorandum. Despite the irregularity in her method of making that request, the court gave Ms. Perdue until April 5, 2010, to do so, expressly warning her that it might dismiss the case without further notice were she to miss that deadline. Despite that warning, Ms. Perdue missed the deadline, and did not file her memorandum until nearly a month later, May 3, 2010. (DE # 12.) When she did so, she neither requested leave to file instanter, nor offered an

explanation for her tardiness. Nevertheless, because defendants will suffer no prejudice, the court considers the arguments made in her memorandum.

Briefly, Ms. Perdue's prior case, which she attempted to litigate under a pseudonym, was dismissed after she failed to file an amended complaint stating her true name. She was given two opportunities to do so by Magistrate Judge Rodovich.[1] She objected to Judge Rodovich's order that she had to litigate under her true name, pursuant to 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), but the court overruled her objection. The court then gave her another opportunity, over a month in length, to file an amended complaint, warning her that the case would be dismissed if she failed to do so. She did not, thereby abandoning her case. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994). The court then dismissed her suit, and that dismissal "operate[ed] as an adjudication on the merits." FED. R. CIV. P. 41(b).

Ms. Perdue's memorandum explaining why that dismissal does not bar the present suit can be succinctly summarized. She concedes that there is an identity of issues and parties (including one party in privity) between this and her prior suit, DE # 12, but argues that the prior suit does not operate as an adjudication on the merits. More specifically, she argues that the only issue decided in the prior suit was that she cannot litigate under a pseudonym; therefore, the dismissal of the prior suit is with prejudice to that issue only, and does not bar the present suit, which she has filed under her true name.

---

[1] 2:08 CV 227, DE # 16, # 21.

Ms. Perdue's argument begins with *Okoro v. Bohman*, 164 F.3d 1059 1061 (7th Cir. 1999); *Criales v. American Airlines, Inc.*, 105 F.3d 93 (2d Cir. 1997); and *Bay Fireworks, Inc. v. Frenkel & Co., Inc.*, 359 F. Supp.2d 257, 259 (E.D.N.Y. 2005). She relies on these three cases for her main point: "In sum, case law establishes that a court must 'look through' any purported basis for a prior dismissal to the actual basis." (DE # 12 at 8.) As she sees it, by failing to abide by the court's order in the prior suit to amend her complaint to include her true name, she failed merely to remedy a procedural deficiency, and that failure "does not transform a procedural dismissal into a dismissal on the merits." (*Id.*) The court believes that Ms. Perdue has misconstrued *Okoro*, *Criales* and *Bay Fireworks*.

First, *Okoro*, strictly speaking, is by its facts limited to a holding concerning the res judicata effect of a dismissal under the statute allowing proceedings to be commenced in forma pauperis, that is, 28 U.S.C. § 1915. 164 F.3d at 1061 (appeal presents question concerning "the res judicata effect of dismissals under the statute governing proceedings in forma pauperis."). The court accepts, however, that its reasoning may be useful by analogy in the present case. Ms. Perdue argues that in *Okoro*:

> The Seventh Circuit Court of Appeals expressly held that two dismissals based on plaintiff's "refusal" to satisfy a procedural requirement "would not bar him from filing the same suit against the same defendants a third time." Instead, plaintiff's failure to satisfy a procedural requirement would only bar him from filing the same suit with the same procedural deficiency.

(DE # 12 at 7-8) (citations omitted.) Whether she has done so intentionally or by inadvertence, Ms. Perdue misrepresents the holding in *Okoro*.

In *Okoro* the plaintiff's suit was a motion under FED. R. CRIM. P. 41(e), which under circuit precedent is considered to be a separate civil proceeding. The district court dismissed the suit on alternative grounds: either because the court lacked jurisdiction because the motion was not filed before the district judge who had presided over plaintiff's criminal case; or because it was barred by res judicata, since plaintiff had previously filed two similar civil suits. *Okoro*, 164 F.3d at 1060-61. Ms. Perdue's analysis mixes up the Court of Appeals' holdings on the two alternatives. The "procedural requirement" that plaintiff failed to satisfy was not having filed his suit before the district judge who had presided over the criminal trial. *Id.* at 1061-62. The Court of Appeals held that there was no such requirement, and so dismissal on that basis was error. *Id.*

The court's holding on that procedural issue is irrelevant to the issue Ms. Perdue is interested in, the district court's alternative basis for dismissal, res judicata. On this issue, the Court of Appeals simply stated, as part of its analysis supporting its holding, that a dismissal for lack of subject-matter jurisdiction is res judicata as to that issue only, not to the underlying merits of the case. *Id.* at 1063 ("a judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only the relitigation of the ground of that dismissal.") To be specific, the court's holding was that both dismissals of Okoro's prior suits on the basis of frivolity under 28 U.S.C. § 1915 were jurisdictional, and so not res judicata to a subsequent suit not plagued by the defect which made the prior suits frivolous (possible invalidation of

4

a state-court criminal conviction, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)). *Okoro*, 164 F.3d at 1063-64.

Ms. Perdue argues that, like plaintiff in *Okoro*, she has avoided the defect which caused dismissal of her prior suit by filing the new suit under her true name, instead of anonymously. But there is an important difference. In *Okoro* plaintiff's prior suits were dismissed because of the *Heck* bar, but he remained free to file a claim not barred by *Heck*. 164 F.3d at 1064. Ms. Perdue's prior suit was never barred: all she needed to do was amend her complaint to add her name. When she failed to heed the court-ordered deadline for doing that, her case was dismissed. RULE 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- **operates as an adjudication on the merits**.

FED. R. CIV. P. 41(b) (emphasis and bolding added.) *Okoro* simply says nothing about the issue critical to Ms. Perdue, which is whether the dismissal of her prior suit for failing to amend her complaint within the court's deadline was jurisdictional, or was a dismissal which, in the words of the RULE 41, "operates as an adjudication on the merits," meaning that it has res judicata or claim-preclusive effect.

As to that issue, Ms. Perdue argues that *Criales* and *Bay Fireworks* both show that "proper application of Rule 41(b) depends on accurately identifying the actual basis of dismissal." (DE # 12 at 4.) No doubt this is true: as RULE 41(b) states, if the reason for the dismissal has at its heart jurisdiction, venue, or joinder of a necessary party, then the

5

dismissal is not claim-preclusive. Ms. Perdue asserts that both cases show that "procedural" dismissals under RULE 41(b) do not have res judicata effect, and she believes that her prior case was dismissed solely for a procedural reason, her refusal to litigate under her true name. The court disagrees with both her understanding and application of *Criales* and *Bay Fireworks* to her case, and with her understanding of the basis for dismissal of her previous case.

The facts in *Criales*, are somewhat complex, but a greatly-simplified explanation will serve for present purposes. Criales, without the aid of counsel, filed two substantially identical EEOC discrimination charges, one timely, and one untimely. *Criales*, 105 F.3d at 94. He filed the second, untimely, charge after months of inaction on the first charge. *Id*. A right-to-sue letter was issued on the second, untimely, charge, and Criales filed suit in district court. *Id*. That suit was dismissed because of the untimeliness of the EEOC charge, and Criales appealed. *Id*.

While the appeal was pending, a right-to-sue letter issued on the first, timely, EEOC charge. *Id*. Criales requested, but was denied, leave to supplement the record on appeal to include the second right-to-sue letter. *Id*. Criales then voluntarily dismissed his appeal in order to file a second suit in district court, based on the second right-to-sue letter received in response to the timely charge. *Id*. The district court dismissed this second suit as barred by the res judicata effect of the first suit. *Id*. at 95. Criales then took the appeal resulting in the opinion now being explained, on which Ms. Perdue relies. In that opinion, the court observed that the district court's dismissal of Criales' first suit

had been styled as one pursuant to RULE 12(b)(6), which normally is on the merits, and entitled to res judicata. *Id*. at 97. Nonetheless, after observing that receipt of a right-to-sue letter is a statutory prerequisite to filing suit, the appellate court decided that dismissal of the first suit should not be viewed as barring a second suit once the statutory prerequisite occurred, because it "was a dismissal 'for lack of jurisdiction' within the special meaning of that term in Rule 41(b)." *Id*. In short, *Criales* benefits Ms. Perdue if the dismissal of her first case should be characterized as one based on lack of jurisdiction "within the special meaning of that term in Rule 41(b)" as interpreted in *Criales*.[2] She argues for that characterization.

The *Criales* court's understanding of the "special meaning" of the term "jurisdiction" as used in RULE 41(b) derives from its interpretation of *Costello v. United States*, 365 U.S. 265 (1961). *Costello* involved a denaturalization proceeding filed after a prior denaturalization proceeding was dismissed. Although a denaturalization order had been entered in the first proceeding, that order was ultimately reversed by the Supreme Court, with directions for the district court to enter an order of dismissal on a ground not considered below:[3] the government's failure to file the necessary affidavit of good cause along with the complaint. *Costello*, 365 U.S. at 268. The district court order dismissing the remanded case did not specify whether the dismissal was with, or

---

[2] The court notes that one member of the panel in *Criales* dissented, believing that dismissal was appropriate on the basis of res judicata, and that the decision to reverse the district court was an example of the maxim about hard facts leading to bad law. *Criales*, 105 F.3d at 99 (Miner, J., dissenting).

[3] *Costello v. United States,* 356 U.S. 256, 257 (1958).

without, prejudice. *Id*. The government then brought a second denaturalization suit which met with success. *Id*. On appeal, among other grounds, Costello argued that the second proceeding was barred by Rule 41(b). *Id*. The Court affirmed the denaturalization order. *Id*.

> As to Costello's RULE 41(b) argument, the Court said that it was a mistake
>
> to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim. Failure to file the affidavit of good cause in a denaturalization proceeding falls within this category.

*Id*. at 285. The Court remarked that it could not discern an intention in RULE 41(b) to change the common-law principle that if a case is disposed of on any ground not going to its merits, the judgment rendered does not bar a subsequent suit. *Id*. at 286.

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits-failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals 'not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable. Thus a sua sponte dismissal by the Court for failure of the plaintiff to comply with an order of the Court should be governed by the same policy.

*Id*. at 286-87.

There is a significant difference between *Costello*, which involved a sua sponte dismissal—the Court-ordered dismissal of the first naturalization proceeding based on a ground not considered below, *Id*. at 268—and Ms. Perdue's situation. In Ms. Perdue's first action, after extensive briefing concerning the propriety of allowing her to proceed anonymously, the defendants did defend, filing a motion seeking dismissal of the complaint with prejudice. (2:08 CV 227, DE # 23.) Although the court denied that motion as moot, and dismissed her complaint on its own motion, it did so only after giving her an opportunity to amend her complaint and warning her, for a third time, that otherwise her suit would be dismissed. She failed to do so, and that conduct, along with Ms. Perdue's repeated disregard of deadlines in the prior case (a pattern repeated in this case), was, as this court has already noted, an abandonment of her case. *Golden Elevator*, 27 F.3d at 303. Thus, this court's dismissal was a far different action than the sua sponte dismissal in *Costello*.

This difference matters, considering the narrower interpretation of *Costello* in this circuit than the Second Circuit's in *Criales*. For example, in *Rineheart v. Locke*, the district court had dismissed plaintiff's complaint for failure to state a claim on account of a pleading defect—the failure to allege an absence of probable cause as an element of a wrongful arrest claim—without stating whether the dismissal was with, or without, prejudice. *Rineheart v. Locke*, 454 F.2d 313, 314 (7th Cir. 1971). The district court then denied, without explanation, a motion for leave to amend the complaint. *Id*. The plaintiff filed a second suit correcting the defect, which the district court dismissed as barred by

res judicata. *Id*. at 313. The court of appeals observed that the traditional rule supported plaintiff's argument that because the merits had not been reached in the first suit, res judicata was not a bar to the second, and, after *Costello*, the question presented by this argument was "a close one." *Id*. at 314-15. Nevertheless, the court held that its reading of RULE 41(b):

> [P]laces upon a plaintiff in a case like the 1969 [prior] case in this instance the burden of persuading the district court either to include a specification that the dismissal is without prejudice or to permit an amendment. If plaintiff is unsuccessful, his recourse is to appeal. We think this view is consistent with the expedient purpose of the Rules.

*Id*. at 315. In the present case Ms. Perdue neither requested that the dismissal be done without prejudice, nor did she appeal the dismissal.

A second case in this circuit shedding some light on *Costello* is *Kimmel v. Texas Commerce Bank*, 817 F.2d 39 (7th Cir. 1987). In *Kimmel*, plaintiffs filed an action against their medical insurer for breach of contract. *Id*. at 40. Defendants moved to dismiss for lack of personal jurisdiction, but before plaintiffs responded and without addressing that motion, the district court dismissed the case for lack of prosecution. *Id*. Plaintiffs filed a second, similar, complaint 18 months later, which the district court dismissed as barred by res judicata. *Id*. On appeal, plaintiffs relied on *Costello* and argued that the RULE 41(b) jurisdictional exception applied. *Id*. at 41. The Court of Appeals disagreed, affirming the dismissal, noting that *Costello* had explicitly distinguished dismissals for failure to

prosecute, and that the *Costello* rule only applies when an unfulfilled precondition in the first suit prevents the court from considering the substance of the claim.[4] *Id*.

The present case is substantially the same as *Kimmel*, particularly in light of *Kimmel*'s comment on the importance of *Costello* having distinguished dismissals for failure to prosecute. *Id*. When the Court did so it stated:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits-failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, *or to comply with an order of the Court*, or to present evidence showing a right to the relief on the facts and the law-primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them.

*Costello*, 365 U.S. at 286 (emphasis added). In the present case, there was no initial bar to the court reaching the merits of Ms. Perdue's claim.[5] Instead, her suit was dismissed

---

[4] This appears to be consistent with Seventh Circuit's interpretation of *Criales*. The court has cited *Criales* twice, as standing for the proposition that dismissal of a suit for failure to satisfy an administrative prerequisite can be without prejudice if the opposing party was not harmed by the premature filing, and if the plaintiff is not already permanently foreclosed from fulfilling the administrative prerequisite. *Leavell v. Illinois Dept. of Natural Resources*, 600 F.3d 798, 807 n. 5 (7th Cir. 2010); *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003).

[5] The court has not overlooked Ms. Perdue's argument that because the issue of pseudonymity is appealable under the collateral order doctrine, it is a precondition to the court reaching the merits, making this case fall within the RULE 41(b) exception as defined in *Costello*. (DE # 12 at 15-17.) "[I]f the issue is 'important but separate,' it is, by definition, a precondition for purposes of Rule 41(b)." (Id. at 15.) She has cited no authority for her "by definition" assertion, but assuming her collateral order/precondition analogy is correct, the court remains unpersuaded. Preconditions are within the jurisdictional exception in order to allow plaintiffs an opportunity to fulfill the condition. *See Leavell v. Illinois Dept. of Natural Resources*, 600 F.3d 798, 806-07 (7th Cir. 2010). Ms. Perdue was given the opportunity to fulfill her condition: first by being given time to amend her complaint before dismissal; second by the chance to appeal the court's decision. She did neither, so what she cannot do now is seize the opportunity she rejected before, by filing what is in effect her amended complaint as a new suit in the same court. *See Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001).

11

after she failed to comply with three court orders warning her that if she did not amend her complaint, her case would be dismissed. In short—if that can be said after 10+ pages of analysis—Ms. Perdue's explication of case law is not persuasive. To the contrary, the court reads her authorities as counseling in favor of the opposite result.

Even were that not this court's view, the third case on which Ms. Perdue heavily relies, *Bay Fireworks, Inc. v. Frenkel & Co.,* brings up an additional reason the present case cannot proceed. The *Bay Fireworks* case is primarily a district court's application of *Criales*, and so Ms. Perdue's use of it need not be explained, as it is consistent with what the court has already said above. What is important to note, however, is a point in the case that Ms. Perdue has overlooked.

In *Bay Fireworks* the question was whether the United States District Court for the Eastern District of New York should give res judicata effect to a case dismissed under RULE 41(b)[6] by the District Court for the District of New Jersey. 359 F. Supp.2d at 260-61. In answering this question negatively, in addition to relying on *Criales* and its interpretation of *Costello*, the court noted than in a more recent case involving RULE 41(b), *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), the Court "held that unless the court specifically states that a dismissal is 'with prejudice,' then the effect of a Rule 41(b) dismissal is that, unlike a dismissal without prejudice, the dismissal only bars

---

[6] To be accurate, the New Jersey action was dismissed pursuant to RULE 16(f), but as the court explained, the effect of that dismissal was governed by RULE 41(b). *Bay Fireworks*, 359 F. Supp.2d at 262.

12

refiling of the same claim in the same federal district court." *Bay Fireworks*, 359 F. Supp.2d at 263.

The Supreme Court arrived at that conclusion in *Semtek International* upon reasoning that the language in RULE 41(b) "operates as an adjudication on the merits" does not mean that the dismissal has claim-preclusive effect: instead, it is a default rule for dismissal that means the opposite of "without prejudice" as used in RULE 41(a). *Semtek Intern. Inc.*, 531 U.S. 503-505. The Court explained the import of its reasoning:

> The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed.1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid.*
>
> We think, then, that the effect of the "adjudication upon the merits" default provision of Rule 41(b)-and, presumably, of the explicit order in the present case that used the language of that default provision-is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred refiling of the same claim in the [same court].

*Id*. at 505-506 (internal citations omitted). In other words, even if this court's understanding of *Costello*, and its application in the circuits, is flawed, RULE 41(b), as interpreted in *Semtek International*, means that Ms. Perdue is barred from doing exactly what she is trying to do here: file the same claim in the same court.

Finally, citing *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 143 (S.D. Ind. 1996) in support, Ms. Perdue argues that this court should have dismissed her prior case

13

without prejudice, and erred by doing so with prejudice. The concern in *Doe*, and in the authority cited therein, was that any dismissal should be without prejudice so that the plaintiff would have an opportunity to file an amended complaint. That concern is not present here, where plaintiff was given three explicit opportunities, in a time period spanning over seven months, to file an amended complaint, but chose not to do so. Moreover, if the court erred in dismissing her complaint with prejudice (which it did, it should be noted, in part to ensure there was a final, appealable judgment), her remedy was to take an appeal, another opportunity which she chose not to pursue.

The court's prior dismissal of case 2:08 CV 227 was a dismissal with prejudice under RULE 41(b). That bars Ms. Perdue from filing the claim again in this court. *See Semtek Intern.*, 531 U.S. at 506. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), plaintiff's motion to proceed in forma pauperis (DE # 2) is **DENIED**; and this action is **DISMISSED**.

**SO ORDERED.**

Date: May 11, 2011

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT