UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| AMANDA PERDUE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10 CV 35 |
| | ) | |
| JENNIFER CARLOS, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

On May 11, 2011, the clerk entered final judgment dismissing this action, pursuant to the court's decision (DE # 17) that a prior dismissal of case 2:08 CV 227 under RULE 41(b) bars plaintiff Amanda Perdue from filing this claim in this court. Plaintiff Perdue has now filed a motion pursuant to FED. R. CIV. P. 59(e), seeking to amend the judgment by reinstating the case against two defendants, Sanjiv John and Panayotis Iatridis. Plaintiff argues that because neither of them was a named defendant in case 2:08 CV 227, the court's dismissal of that case does not bar the present suit against them.

As an initial matter, Perdue's motion is untimely. A motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). As stated, the judgment was entered on May 11, 2011, and Perdue filed her Rule 59(e) motion on June 13, 2011. That is 31 days later, which is three days too late.[*]

---

[*] Although Perdue is an attorney, the court surmises from her conduct in this and her prior case that she may have thought she was entitled to the three additional days provided by FED. R. CIV. P. 6(d). Those three days are tacked on after certain types of service required under FED. R. CIV. P. 5. A judgment is entered by the clerk, and is not

(continued...)

An untimely Rule 59(e) motion must be treated as one made pursuant to Rule 60(b). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009).

"The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Kiswani*, 584 F.3d at 743. Perdue is arguing that the court made a legal error, which does not meet this standard, and instead was a ground for an appeal. Moreover, the court does not believe that Perdue is correct. That is to say, the court does not agree that it erred by dismissing the present action against all defendants.

Perdue's complaint in her prior action, 2:08 CV 227, named several defendants, both individuals and entities. One of the entities was Porter-Starke Services. Sanjiv John and Panayotis Iatridis were not named as individual defendants in the prior action; but in the present case, she alleges that both were employed by Porter-Starke Services, and that each was, at the time of the events outlined in the complaint, "acting within the scope of his employment." (DE # 1 at 3, ¶¶ 9-10.) Employees acting within the scope of their employment are in privity with their employer. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986); *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1083 n. 7 (7th Cir. 1979); *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976). Therefore,

---

*(...continued)
one of the items for which service is required by RULE 5, making RULE 6(d) inapplicable.

the court's dismissal of Perdue's prior suit against Porter-Starke Services operates equally against John and Iatridis.

Moreover, although Perdue now attempts to backtrack in her motion to amend the judgment, she affirmatively conceded that the identity of parties and their privies was not an issue in her memorandum of law addressing the issue whether the court's prior dismissal bars the present action. (DE # 12 at 8-9.) Her statement now that she "did not address the issue of identity of parties in her brief because the court was already aware of the two complaints, which stated the parties," (DE # 19 at 1, ¶ 4), is simply inconsistent with that concession, and does not provide a reason to relieve her from it.

For the foregoing reasons, plaintiff Perdue's "Motion to Amend Order Under F.R.C.P. 59" (DE # 19) is treated as a motion made pursuant to Fed. R. Civ. P. 60(b), and is **DENIED**.

**SO ORDERED.**

Date: June 17, 2011

      s/James T. Moody
      JUDGE JAMES T. MOODY
      UNITED STATES DISTRICT COURT